UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. CV 18-02754 RSWL (RAO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

## I.    **BACKGROUND**

On April 4, 2018, the Court received from Petitioner Freddie Taylor ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Pet., Dkt. No. 1.) Petitioner seeks relief from his sentence based on his actual innocence, structural error by the trial court, and ineffective assistance of counsel. (Pet. at 2.)[1]

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Victorville, California.  Plaintiff's incarceration is the result of a 2001 conviction in the United States District Court for the District of Arizona following Petitioner's trial for conspiracy to murder a federal confidential

---

[1]    The Court cites to the Petition and its attachments using the automatic pagination provided by the Court's electronic docket.

informant, in violation of 18 U.S.C. §§ 1111, 1114, 1117; aiding and abetting the murder of a federal confidential informant, in violation of 18 U.S.C. §§ 1111, 1114; accessory after the fact, in violation of 18 U.S.C. § 3; and witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(A).  *See* Judgment in a Criminal Case, *United States v. Taylor*, No. 4:99-cr-00315-JMR-1 (D. Ariz.), Dkt. No 497.[2]  The District Court sentenced Petitioner to life imprisonment on counts 1, 2, and 4, and a term of 180 months imprisonment on count 3, to run concurrently.  *Id.*

Petitioner appealed to the Court of Appeals for the Ninth Circuit, where he argued that the district court erred in refusing to dismiss his conviction for accessory after the fact, which was supported by the same facts as his conviction for aiding and abetting.  *See United States v. Taylor*, 322 F.3d 1209, 1211 (9th Cir. 2003).  The Ninth Circuit agreed, vacating Petitioner's sentence for his accessory after the fact conviction but affirming on all other issues.  *Id.* at 1212-13; *see United States v. Taylor*, 59 F. App'x 960, 962 (9th Cir. 2003).  The United States Supreme Court denied Petitioner's petition for writ of certiorari on March 22, 2004.  *Taylor v. United States*, 541 U.S. 939, 124 S. Ct. 1653, 158 L. Ed. 2d 362 (2004).

On March 31, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the District of Arizona.  *See Taylor*, No. 4:99-cr-00315-JMR-1 (D. Ariz.), Dkt. Nos. 579, 580.  The district court denied Petitioner's motion as untimely.  *See id.* at Dkt. Nos. 588, 589.

On August 11, 2005, the Ninth Circuit received from Petitioner a request for a certificate of appealability.  *See United States v. Taylor*, No. 05-16521 (9th Cir.), Dkt. No. 1.  His request was denied on June 22, 2006.  *See id.* at Dkt. No. 9.

///

_____

[2]  The Court takes judicial notice of the dockets of the District of Arizona and of the Court of Appeals for the Ninth Circuit in the cases involving Petitioner cited herein.  *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

## I.   STANDARD OF REVIEW

Petitioner seeks relief by way of a habeas petition under 28 U.S.C. § 2241. A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas corpus actions, including actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014); *Philip v. Tews*, No. CV 16-01987 CJC (AFM), 2016 WL 1732699, at *2 n.2 (C.D. Cal. Apr. 29, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II.   DISCUSSION

Petitioner asserts that his petition satisfies the exception for section 2255 petitions and is properly brought as a section 2241 petition. (*See* Pet. at 2-3.) For the reasons that follow, the Court finds that Petitioner cannot proceed with a section 2241 petition in this District.

### A.   The Requested Relief Is Properly Sought in a Section 2255 Motion

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "The general rule is that a motion under 28 U.S.C. § 2255 is

3

the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  That is, as a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* 28 U.S.C. §§ 2241(d), 2255(a).

Petitioner is a federal prisoner, and his Petition contests the legality of his sentence rather than the manner, location, or conditions of its execution.  Thus, Petitioner's request for relief presumably should be asserted under section 2255. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864.  Petitioner contends that his Petition is not to be construed as a section 2255 motion and that section 2255's so-called "escape hatch" applies, allowing him to proceed with a section 2241 petition.  (Pet. at 2-3.)  *See* 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Stephens*, 464 F.3d at 897; *Hernandez*, 204 F.3d at 864-65.

Thus, whether Petitioner may proceed under section 2241 in this District turns on whether section 2255's escape hatch applies.

**B.      Petitioner Does Not Qualify for Section 2255's Escape Hatch**

Petitioner contends that proceeding under section 2241 in this District is appropriate because he did not have an unobstructed opportunity to present his claim of innocence in his first section 2255 motion.  (Pet. at 2.)  Petitioner further asserts that actual innocence is an exception that allows him to overcome certain procedural defaults.  (Pet. at 2-3.)

1.      Legal Standard

As noted above, a section 2255 motion generally is "the exclusive means by which a federal prisoner may test the legality of his detention."  *Stephens*, 464 F.3d at 897.  "The one exception to the general rule is what [is] called the 'escape hatch' of § 2255."  *Stephens*, 464 F.3d at 897; *see Harrison*, 519 F.3d at 956.  "The escape

4

hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens*, 464 F.3d at 897 (quoting *Hernandez*, 204 F.3d at 864-65) (internal quotation marks omitted).

The escape hatch provision is found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In the Ninth Circuit, "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898) (internal quotation marks omitted); *see Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012). These two requirements will be addressed in turn.

### 2. Petitioner Does Not State a Claim of Actual Innocence

"[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Stephens*, 464 F.3d at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (internal quotation marks omitted), *quoted in Stephens*, 464 F.3d at 898. "It is important to note in this regard

that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-24 (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19, 120 L. Ed. 2d 269 (1992)), *quoted in Muth*, 676 F.3d at 819.  Rather, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Here, Petitioner contends that he makes a claim of actual innocence because facts strongly suggest that Petitioner would not have been found guilty of intentional murder if the "proper" jury instructions were given to include a lesser-included offense.  (Pet. at 6.)  Petitioner states that the court committed error by giving only an *Allen* charge to the deadlocked jury.  (*Id.* at 7.)  *See Allen v. United States*, 164 U.S. 492 (1896).  Petitioner argues that the failure to instruct the jury on a lesser-included offense is a structural defect that entitles him to a reversal of his conviction and a new trial.  (Pet. at 6-8.)

Petitioner makes a claim regarding the manner in which the jury was instructed which led to his conviction, but this is not a claim of actual innocence as that term is meant in the context of section 2255's escape hatch.  *See Ransom v. Blades*, No. CV-06-135-S-EJL, 2007 WL 704124, at *5 (D. Idaho Mar. 5, 2007) (rejecting a petitioner's argument of actual innocence that was based on the court's failure to instruct on a lesser-included offense) (citing *Schlup*, 513 U.S. at 316); *see also Rosser v. Scribner*, No. CV07-4980DDP(E), 2008 WL 2502145, at *7 (C.D. Cal. June 20, 2008) ("To the extent Petitioner argues that the trial court's alleged failure to give a lesser-included offense instruction resulted in the conviction of one who is actually innocent, Petitioner is mistaken.").

Because Petitioner's claim relates only to an alleged due process violation at trial and does not challenge the factual evidence leading to his conviction, it is not one of actual innocence.  *See Bousley*, 523 U.S. at 624 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").  As a result, Petitioner does not qualify for section 2255's escape hatch.  *See Schlup*, 513 U.S. at 316

("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

### 3. Petitioner Did Not Lack an Unobstructed Procedural Shot to Present His Claims

The second requirement to qualify for section 2255's escape hatch is the lack of an unobstructed procedural shot for the petitioner to have previously presented a claim. *Harrison*, 519 F.3d at 959. Section 2255's escape hatch "is narrow," and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (internal quotation marks omitted). Thus, the "general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective." *Stephens*, 464 F.3d at 898 (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)) (internal quotation marks omitted). Further, "[t]he remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred." *Reed v. Matevousian*, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *3 (E.D. Cal. Dec. 20, 2016) (citing *Aronson v. May*, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964); *Tripati*, 843 F.2d 1160, 1162-63 (9th Cir. 1988).

The dispositive inquiry is whether Petitioner's claim "was unavailable to him during his direct appeal and his first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). This requires the Court to "consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (citation omitted) (quoting *Stephens*, 464 F.3d at 898;

*Ivy*, 328 F.3d at 1060-61) (internal quotation marks omitted). "An intervening court decision must effect a material change in the applicable law to establish unavailability" of a claim on direct appeal or in a prior section 2255 motion. *Alaimalo*, 645 F.3d at 1047 (citing *Harrison*, 519 F.3d at 960).

Here, Plaintiff asserts that newly discovered evidence mandates the reversal of his conviction and a new trial. (*See* Pet. at 5-8.) Petitioner states that he recently ordered copies of court records and transcripts from his criminal trial. (Pet. at 5; *see* Pet. at 23-25.) After he reviewed the documents relating to the *Allen* charge and other jury instructions, Plaintiff began researching and discovered the basis for his current habeas claims. (Pet. at 6.)

Petitioner relies on *Beck v. Alabama*, 447 U.S. 625, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980), to argue that his due process rights were violated by the failure to instruct on a lesser-included offense. This case precedes Petitioner's 2001 conviction and was available for a claim on appeal or in Petitioner's prior section 2255 motion. To the extent that Petitioner contends that the claim was not available to him in prior proceedings because he was not aware of the factual basis for his claim, this is insufficient. Although Petitioner belatedly reviewed the trial transcripts and researched his case, the basis for his claim was already established at the time of his appeal and first section 2255 motion. *See Harrsion*, 519 F.3d at 960 (the Court considers whether the legal basis for the claim arose after a petitioner's appeal and section 2255 motion and whether the law changed thereafter).

Petitioner cannot be said to have lacked an unobstructed procedural shot to present his claim. For this additional reason, the instant Petition does not qualify for section 2255's escape hatch.

**C.    Dismissal Rather than Transfer of This Action Is Appropriate**

The Court has concluded that the instant Petition does not qualify for section 2255's escape hatch and that Petitioner must proceed, if at all, by way of a section

8

2255 motion in the District of Arizona. Consequently, the Court must determine whether to transfer this action to that District or to simply dismiss it.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." This statute applies in habeas proceedings. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Muth*, 676 F.3d 815 ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district."). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074 (citing *Kolek v. Engen,* 869 F.2d 1281, 1284 (9th Cir. 1989)).

Here, this Court lacks jurisdiction over the instant Petition, and so the first requirement for transfer is satisfied. As discussed above, section 2255 motions must be filed in the sentencing court, while section 2241 petitions must be filed in the custodial court. *Hernandez*, 204 F.3d at 864; *see* 28 U.S.C. §§ 2241(d), 2255(a). The determination of which provision provides the proper avenue for relief implicates a court's jurisdiction over the matter. *See Hernandez*, 204 F.3d at 865 ("An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction."); *see also Muth*, 6767 F.3d at 818. In this case, Petitioner does not qualify for section 2255's escape hatch, and therefore this Court lacks jurisdiction.

The second condition for transfer is not satisfied in this case. If brought as a section 2255 motion in the District of Arizona, the instant Petition would be a second or successive motion, as Petitioner previously has filed (and was denied

relief on) a section 2255 motion.  Petitioner thus would have to obtain authorization from the Ninth Circuit in order to proceed, and his failure to obtain authorization would deprive the District of Arizona of jurisdiction over the motion.  *See* 28 U.S.C. § 2255(h); *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("[A] petitioner must move for authorization from this court to file a 'second or successive' § 2255 motion in the district court, and the motion will be denied unless the petitioner makes a prima facie showing that satisfies the § 2255(h)(1) gatekeeping requirements.  If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (footnote omitted) (citation omitted)).  Petitioner does not have the requisite authorization: a search of the Ninth Circuit's docket reveals no recent attempts by Petitioner to obtain authorization.  Thus, the District of Arizona could not exercise jurisdiction over this action.

The third condition for transfer also is not satisfied in this case.  Because the District of Arizona could not exercise jurisdiction over the Petition, transfer of this action would not further the interests of justice.  *See id.*; *Cunningham v. Langford*, No. CV 16-5942 JAK (SS), 2016 WL 6637949, at *5-6 (C.D. Cal. Oct. 13, 2016) (dismissing rather than transferring a putative section 2241 petition, and stating that "the [Court of Appeals for the transferee district] has previously denied Petitioner leave to present his claim through a § 2255 motion, so transfer would likely be futile" (citation omitted)), *report and recommendation adopted by* 2016 WL 6635626 (C.D. Cal. Nov. 9, 2016).

For these reasons, transfer of this action is not warranted, and dismissal is appropriate.

///

///

///

///

10

## III.   ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DISMISSED** without prejudice for lack of jurisdiction.

DATED:  4/11/2018

s/ RONALD S.W. LEW
RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

11